**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Antwan Richmond, | ) | Case No. 24 B 17310 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Richmond Family Living Estate, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 25 A 00077 |
| | ) | |
| v. | ) | |
| | ) | Honorable Michael B. Slade |
| Lake County Clerk, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION GRANTING MOTION TO DISMISS**

This Adversary Proceeding asks me to overturn state court judgments of replevin and eviction, but I lack jurisdiction to do so. Thus, for the reasons stated below, the Defendants' motion to dismiss (Dkt. No. 8) is granted and this proceeding is dismissed.

\*\*\*

Antwan Richmond filed a chapter 7 petition on November 18, 2024 (Bankruptcy Case Dkt. No. 1). After the chapter 7 Trustee filed a "no asset" report (*id.* No. 23), the case was closed without a discharge because Richmond had failed to file Official Form 423, which requires debtors to certify that they took the required financial management course (*id.* No. 25).

Before Richmond's bankruptcy case was closed, however, creditor 21st Mortgage Corporation ("21st") successfully moved to lift the stay with respect to a 1987 Fairmont Manufactured Home (a mobile home), which secured 21st's loan to the Debtor and a co-Debtor.

1

In its lift stay motion, 21st advised me that it had sued the Debtor and co-Debtor in state court in 2024 and, when they did not respond, secured a default judgment against them. (*Id.* No. 12) The state court entered an Order of Delivery in Replevin on August 5, 2024, and an eviction was scheduled for November 19, 2024. (*Id.* ¶¶ 8-9) Richmond filed the chapter 7 case the day before, ostensibly in an effort to stall eviction. Neither Richmond nor the chapter 7 trustee objected to 21st's lift stay motion and, on December 17, 2024, I granted it. (*Id.* No. 15)

Following the lifting of the automatic stay, Richmond was sent an eviction notice on February 12, 2025, stating that he and others needed to vacate the Fairmont home on or before March 7, 2025. (Adv. Pro. Dkt. No. 1, Complaint, at PDF p. 9)

Plaintiff, the Richmond Family Living Estate, then filed a complaint commencing this Adversary Proceeding on March 4, 2025. Plaintiff asks me to "Vacate Default Judgment Order of Replevin/Repossession" and makes a "Demand for Payment of Cost Registry Funds Owed to the Principal/Beneficiary." (*Id.* at PDF p. 17) Plaintiff characterizes its action as a "Petition for a Writ Quo Warrranto," which appears to seek a "common law writ used to inquire into the authority by which a public office is held or a franchise is claimed." *Quo warranto*, BLACK'S LAW DICTIONARY (10th ed 2014). Plaintiff named as defendants the Lake County Clerk's Office, the Lake County Sherriff's Department, John Idleburg (the Lake County Sherriff), and Adam Demerchie (a Lake County Sherriff's Deputy) (collectively the "Lake County Defendants"), along with Christopher Ditton (a Lake County Judge) and what Plaintiff calls "21st Mortgage Corporation—Bar Members/Lawyers." (Adv. Pro. Dkt. No. 1)

It is at best unclear whether any of the defendants were properly served with the Adversary Complaint. But on April 7, 2025, the Lake County Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (incorporated here via Federal Rule of

2

Bankruptcy Procedure 7012).  (*Id.* No. 8)  Judge Ditton joined the motion.  (*Id.* Nos. 14, 18)

When the motion was presented, I entered a briefing schedule permitting Plaintiff to respond by

May 30, 2025.  (*Id.* No. 17)  No response was filed, and thus any response is waived.  *See* Bankr.

N.D. Ill. L.R. 9014-(1)(B).  I also construe the lack of response as indicating Plaintiff's failure to

prosecute.  *See Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).  I am free, however, to

consider and rule on the motion to dismiss.  *Id.* at 633 n. 5.  I do so below.

***

The motion to dismiss (Adv. Pro. Dkt. No. 8) raises three arguments.  First, the movants

argue that I lack jurisdiction to "vacate" a state court judgment as requested in the complaint and

that, pursuant to the *Rooker-Feldman* doctrine, I should dismiss this Adversary Proceeding

pursuant to Federal Rule of Civil Procedure 12(b)(1).  Second, the movants maintain that no

claim is stated at all because *quo warranto* is not something a bankruptcy court can impose and

the Plaintiff did not properly invoke the proceeding under state law in any event (having failed to

first petition the state attorney general and obtain leave of court to proceed), and thus I should

dismiss pursuant to Federal Rule 12(b)(6).  Third, movants claim that Plaintiff failed to properly

draft, issue, or serve the complaint and ask me to dismiss pursuant to Federal Rules 8 and 10.

The first argument is well-taken; I lack jurisdiction over this proceeding pursuant to the

*Rooker-Feldman* doctrine.  Consequently, the proceeding must be dismissed, and I cannot

address the defendants' other arguments at this time.  *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d

615, 622 (7th Cir. 2013) (without subject-matter jurisdiction "the court cannot proceed at all in

any cause") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

Plaintiff's Adversary Complaint is a direct request that I "vacate" judgments entered in

state court prior to the filing of Richmond's chapter 7 case.  Specifically, 21st filed a Verified

3

Complaint in the Circuit Court of Lake County seeking replevin for Richmond and others' breach of contract on May 9, 2024. The state court entered two orders on August 5, 2024: a default judgment granting that relief, and a second order directing the Lake County Sheriff to "evict and dispossess" Richmond and assist 21st in obtaining possession of its collateral.[1] All of this occurred in state court before Richmond filed his bankruptcy case.

Bankruptcy courts are not state appellate courts. It is settled law that state-court losers must appeal within the state court system to challenge state court losses rather than complain to federal courts that their defeats were unjust. Thus, under what is known as the *Rooker-Feldman* doctrine, "[s]tate court litigants . . . cannot file collateral attacks on state court civil judgments in federal courts but must instead seek review via the state appellate process or in the U.S. Supreme Court." *3991 Transp. Co. Inc. v. Alexander (In re 3991 Transp. Co. Inc.)*, 610 B.R. 881, 884 (Bankr. N.D. Ill. 2020).

Here, Plaintiff does not assert an independent theory under bankruptcy law that would provide separate and independent grounds to escape the replevin and eviction remedies sought and obtained in state court. *Compare Fliss v. Generation Cap. I, LLC*, 87 F.4th 348, 353 (7th Cir. 2023). Nor is he asserting a separate claim, such as an FDCPA claim, without directly challenging the propriety of the state court judgment. *Compare Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999). Instead, he argues that the Lake County Defendants lacked authority under Illinois law to execute tasks the Illinois state court orders expressly directed them to undertake. But because the matter Richmond lost in state court and the claim Plaintiff raises here are "two sides of the same coin," *Fliss*, 87 F.4th at 354, I have no jurisdiction to entertain it. Instead, it "is a principle of jurisdiction" that if "success in the federal court would require

---

[1] *See* Adv. Pro. Dkt. No. 8, Motion to Dismiss, at Exhibits B, C, and D. I take judicial notice of the state court orders; they are non-disputable public records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

4

overturning the state court decision," the case is "barred by the *Rooker–Feldman* doctrine." *Id.*

at 353 (quoting *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003)); s*ee also Fayyumi v.*

*City of Hickory Hills*, 18 F. Supp. 2d 909, 917 (N.D. Ill. 1998) (holding that while claims

alleging discrimination during plaintiffs' residency did not violate *Rooker-Feldman*, claims

challenging eviction did because "plaintiffs would not have suffered any damages in the absence

of the state court's judgment").

I say all of this understanding that *Rooker-Feldman* has been narrowed in recent years

and courts have been directed not to confuse its scope with the separate but related question of

whether state decisions that a plaintiff is trying to avoid have preclusive effect under state law.

*See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (making clear that

"[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal

conclusion that a state court has reached in a case to which he was a party . . . , then there is

jurisdiction and state law determines whether the defendant prevails under principles of

preclusion'") (quoting *GASH Assocs. v. Rosemont,* 995 F.2d 726, 728 (7th Cir. 1993) (alteration

in original)); *see also Gilbank v. Wood Cty. Dep't of Human Servs.*, 111 F.4th 754 (7th Cir. 2024)

(en banc) (describing the limited scope of *Rooker-Feldman* remaining following *Exxon Mobil*).

It is clear that all four elements of the doctrine as it exists in narrowed form today are present:

Plaintiff is "a state-court loser," the relevant decisions were "final before the federal proceedings

began," and Plaintiff now asks me to "reject the state court judgment" that caused it injury.

*Gilbank*, 111 F.4th at 766.  Moreover, there is no "independent" claim for me to consider (*id.*):

the claim Plaintiff seeks to bring is for *quo warranto*, and "[f]ederal courts have no general *quo*

*warranto* jurisdiction," *Brown v. City of Chicago*, No. 19 C 2411, 2020 WL 489522, at *4 (N.D.

Ill. Jan. 30, 2020) (citing *Barany v. Buller*, 670 F.2d 726, 735 (7th Cir. 1982)); *see also U.S. ex*

*rel. State of Wis. v. First Fed. Sav. and Loan Ass'n*, 248 F.2d 804, 808 (7th Cir. 1957) (same).  I

must dismiss this proceeding for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3);

*Frederiksen v. City of Lockport*, 384 F.3d 437, 438–39 (7th Cir. 2004).

***

For the reasons stated here, Plaintiff's Adversary Complaint will be dismissed pursuant to

Federal Rule of Civil Procedure 12(b)(1), applicable here via Federal Rule of Bankruptcy

Procedure 7012, for lack of subject-matter jurisdiction.  A separate order will issue.

Signed:  June 10, 2025            By: _____

MICHAEL B. SLADE
UNITED STATES BANKRUPTCY JUDGE